IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tyganda Gilmore, | C/A No. 1:18-cv-2672-JFA-SVH |
| Petitioner, | |
| vs. | **ORDER** |
| Hopkins Magistrate Court, Richland County Sheriff's Department, Richland County Solicitor's Office, | |
| Respondents. | |

## I.    INTRODUCTION

Tyganda Gilmore, ("Petitioner"), proceeding *pro se*, is incarcerated by the Bureau of Prisons ("BOP") at the United States Penitentiary ("USP") Canaan in Waymart, Pennsylvania. Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. On February 7, 2019, Respondents moved for summary judgment. (ECF Nos. 24 & 25). Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondents' motion. (ECF No. 26). Petitioner responded on February 25, 2019. (ECF No. 28). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the case was referred to the Magistrate Judge.

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that this Court should grant Respondents' Motion for

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains

Summary Judgment. (ECF No. 33). The Magistrate Judge opines that the petition is moot in light of the BOP having been notified, in writing, of the release of the detainers that had previously been lodged against Petitioner. The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

The Court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Petitioner was advised of his right to object to the Report, which was entered on the docket on May 24, 2019. (ECF No. 33). The Magistrate Judge required Petitioner to file objections to the Report by June 7, 2018. Petitioner filed timely objections on June 6, 2019. (ECF No. 36). Thus, this matter is ripe for review.

The Report recites the factual and procedural background giving rise to this action, which is incorporated by reference. Briefly, Petitioner filed this § 2241 petition attacking a criminal detainer lodged against him in Richland County, South Carolina. Petitioner challenges the detainer for assault and battery/simple assault that is lodged against him based on warrant number I-955936.

---

with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

In his pleadings, Petitioner names the Hopkins Magistrate Court as a Respondent and also references the Richland County Sheriff's Office and the Richland County Solicitor's Office. Petitioner asks this Court to quash the warrant and detainer based on an alleged violation of the Interstate Agreement on Detainers Act ("IADA"). Petitioner further discusses the impact of the detainer on his current and future incarceration.

## II.     LEGAL STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A material fact is one that "might affect the outcome of the suit under the governing law." *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute of material fact is "genuine" if sufficient evidence favoring the non-moving party exists for the trier of fact to return a verdict for that party. *Anderson*, 477 U.S. at 248–49.

The moving party bears the initial burden of showing the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e). All inferences must be viewed in a light most favorable to the non-moving party, but he "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985).

## III. DISCUSSION

As a threshold matter, the Magistrate Judge correctly opines that the petition is moot in light of the BOP having been notified, in writing, of the release of the detainers that had previously been lodged against Petitioner. The Magistrate Judge explains:

> Because it was unclear from the filings submitted by the parties whether the criminal detainer had been or could be removed based on the affidavits submitted by Respondents in this case, the undersigned directed Respondents to advise the court if they had requested the BOP remove any criminal detainers on Petitioner, and if they had not done so, why they had not advised the BOP of the status of Petitioner's warrant. [ECF No. 29]. On May 23, 2019, Respondents submitted a status report, indicating that "[o]n April 16, 2019, the Richland County Sheriff's Department Fugitive Task Force/Warrant Division transmitted via facsimile a 'Release of Hold/Detainer' on Petitioner for previous warrants #I-955936 (assault and battery) and #03DR404094 (failure to pay child support)" to the facility where Petitioner is currently incarcerated. [ECF No. 31 at 1]. Respondents attached copies of the facsimile and the confirmation report to their status report. [ECF No. 31-2].

(ECF No. 33 ps. 10–11).

The Magistrate Judge also further correctly opines that: "As to the other relief Petitioner mentions in his filings, for example, his release into a half-way house, Petitioner has failed to show that such relief would be appropriate based on the substance of his § 2241 petition." (ECF No. 33 p. 11).

Petitioner attempts to object to the Report (ECF No. 36); however, Petitioner mostly repeats his assertions from his Petition. (ECF No. 1). Petitioner states that the Magistrate Court could have "contact[ed] the Sheriff's Dept. to contact the BOP to release the detainer hold base[d] on the IADA . . . ." (ECF No. 36 p. 2). Petitioner's objection is not specific because it does not point to an error in Magistrate Judge's Report, which opines that the petition is moot in light of the BOP having been notified, in writing, of the release of the detainers that were previously lodged against Petitioner.

Petitioner also states that the he suffered "some collateral consequences" from Respondent's action of not removing the detainer because he was not able "to enroll in the (R-DAP)-Drug Program, and getting the (1) year off after I complete the R-Dap—I couldn't enroll in R-DAP with lodged detainer on me." (ECF No. 36 p. 1). Petitioner then goes on to discuss that he requests "additional months- to add to the 6-month guaranteed half-way house . . . ." (ECF No. 36 p. 2). However, Petitioner's objections are not specific because he does not point to an error in the Magistrate Judge' Report, which opines that Petitioner has failed to show that any additional relief he seeks would be appropriate based on the substance of his § 2241 petition. Thus, Petitioner fails to make any specific objections.

## IV.  CONCLUSION

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this Court finds the Magistrate Judge's Report and Recommendation (ECF No. 33) fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court **adopts** the Report and Recommendation (ECF No. 33). Respondents' Motion for Summary Judgment (ECF Nos. 24 & 25) is **granted** and the Petition is **dismissed** with prejudice.

Further, because Petitioner has failed to make "a substantial showing of the denial of a constitutional right," a certificate of appealability is **denied**. 28 U.S.C. § 2253(c)(2).[2]

IT IS SO ORDERED.

August 15, 2019                                                  Joseph F. Anderson, Jr.

---

[2] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the Court finds that the defendant has failed to make "a substantial showing of the denial of a constitutional right."

Columbia, South Carolina                                      United States District Judge